### MONROE LEVERETT v. THE STATE.

No. 11184.   Delivered December 14, 1927.

**1.—Possessing Intoxicating Liquor—Evidence—Acts and Conduct of Wife— Properly Admitted.**

Where appellant was on trial for the possession of intoxicating liquor for the purpose of sale, there was no error in admitting proof of a sale of whiskey by appellant's wife in their home, shown to have been made and the whiskey drunk by witness in appellant's presence.

**2.—Same—Continued.**

And so were the details of the transactions between witness and appellant's wife properly received, same occurring in the home and presence of appellant.

**3.—Same—Evidence—Properly Received.**

The state relying upon circumstantial evidence, there was no error in permitting the state to prove by circumstances other contemporaneous sales to other parties made in the home of appellant. See Kirby v. State, 23 Tex. Crim. App. 13.

Appeal from the District Court of Garza County. Tried below before the Hon. Gordon B. McGuire, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose óf sale, penalty two years in the penitentiary.

The opinion states the case.

*O. W. McWhorter* of Lubbock, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale, punishment fixed at confinement in the penitentiary for a period of two years.

Condensed, the state's evidence is this: Two young men, Clark and Reynolds, went to the home of the appellant on two occasions upon the same day. On the first occasion they obtained whiskey from Mrs. Leverett, appellant's wife, left a dollar on the table, and engaged in drinking the whiskey on the premises in the presence of the appellant. On the second occasion a like transaction took place, Clark agreeing to pay $2.50 for the whiskey received. The occurrence took place on the 20th of the month. According to the testimony of neighbors, before, up to and including that time many persons in automobiles had been observed going to and from the appellant's residence, some in the daytime and some at night, and in some instances they were carrying small packages upon leaving. Clark and Reynolds became intoxicated, had an automobile accident and were arrested.

The defensive theory, as coming from the appellant and his witnesses, was in substance this: Clark and Reynolds came to his home in an intoxicated condition and asked for whiskey. Upon being advised that none was to be had, they produced some, drank it upon the premises and became boisterous. State's witnesses who were at the appellant's premises upon the same day (part of whom saw Clark and Reynolds and part of whom did not), testified that there was drinking upon the premises in the presence of the appellant, and corroborated the appellant's theory that Clark and Reynolds came to the premises with whiskey and drank it there.

The evidence is circumstantial, and the jury was so instructed. The opinion is expressed that the circumstances are sufficient to show that there was whiskey kept at the home of the appellant for the purpose of sale and that he and his wife were joint offenders.

The complaint of testimony to the effect that after receiving whiskey from appellant's wife at his home, Reynolds left money on the table, is not deemed tenable.  Appellant's presence at his home at the time and his knowledge that the whiskey was drunk at his home, together with other relevant circumstances to which reference is made above, rendered the testimony of the acts of his wife admissible against him.  The same is true of the complaint of the testimony that after buying a pint of whiskey at the appellant's home, which whiskey was received from the appellant's wife and drunk partly in his presence, Clark agreed to pay her for the whiskey.

The case depending upon circumstantial evidence, the testimony of the facts that the house was frequented day and night by many persons coming and departing in automobiles, some of them carrying packages, is not deemed improperly received.

In bill No. 4 complaint is made of the receipt of the testimony as to the transaction in which the witnesses Clark and Reynolds received and drank whiskey while at the home of the appellant, the ground of the objection being that whiskey was received from Mrs. Leverett and not in the presence of the appellant.  It appears from the bill that the appellant was present at least a part of the time during which the witnesses were drinking the whiskey which they had received from his wife.  In qualifying the bill, the court said:

"No objection was offered to the evidence when it was offered and given but after it was in; the objection was made and overruled, the defendant having testified he was in his home all the afternoon."

The evidence is such as to suggest that the appellant and his wife were acting together in the commission of the offense. The acts and declarations of one in furtherance of the common design is binding upon the other.  Kirby v. State, 23 Tex. Crim. App. 13, and cases collated in Branch's Ann. Tex. P. C., p. 350, Sec. 691.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*